# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 19 CR 50056 |
| v. | |
| KIMBERLY KALEN | Judge Lisa A. Jensen |

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court. The materials and their

contents shall not be disclosed either directly or indirectly to any person or entity outside of the United States without prior authorization from the Court.

3. Certain materials disclosed or to be disclosed by the government may contain particularly sensitive information, including financial information of one or more persons other than the defendant to whom the information is disclosed. No such materials, or the information contained therein, may be disclosed to any persons other than defendant, counsel for defendant, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, financial sensitive information shall not be included in any public filing with the Court, and instead shall be submitted under seal (except in the case of a defendant who chooses to include in a public document sensitive information relating solely and directly to the defendant making the filing).

4. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of

the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

8. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 3, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
LISA A. JENSEN
Magistrate Judge
United States District Court
Northern District of Illinois

Date: 12/9/19

Agreed and Jointly submitted by:

_____    12/9/2019
JILL SKWOR                          DATE
Attorney for Kimberly Kalen

_____    12/9/2019
VINCENZA L. TOMLINSON               DATE
Assistant United States Attorney